# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**HENRY A. GRICE,**

    Petitioner,

vs.                                                  Case No. 4:08cv60-SPM/WCS

**SHERIFF LARRY CAMPBELL,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

This cause is before the court on a pro se 28 U.S.C. § 2241 petition for writ of habeas corpus. Doc. 1. Pursuant to court order, doc. 3, Petitioner paid the filing fee.

Petitioner is detained at the Leon County Jail. According to the website for jail, Petitioner has been charged with "VOP [violation of probation] / FELONY BATTERY" in 2006CV3318A1 and "VOP / DWLSR [driving while license suspended or revoked]" in 2006CF3318A2 (presumably two counts in one case). The booking date on those charges was July 2, 2007. Petitioner was also charged with sale of cannabis in case numbers 2007CF2825A1 and 2007CF2825A2 (again, presumably two counts in the same case). His booking date on those charges was September 4, 2007.

Petitioner here asserts "unlawful detention - not convicted / prior to conviction." Doc. 1, p. 2.  He claims that he is currently represented by counsel, but has "moved to dismiss counsel for other reasons."  *Id.*, p. 3.  Petitioner asserts that on September 4, 2007, while held at the jail, he was charged with two counts of selling cannabis.  *Id.* Petitioner claims that there is no evidence to support the charge of selling or even possessing cannabis on June 15 and 18, 2007.  *Id.*, p. 4.  He claims that his photo was unduly suggestive, the probable cause affidavit references a nondescript black male, and that officers showed a Florida driver's license to positively identify him without a photo line up.  *Id.*, pp. 4-5.  For relief, Petitioner seeks dismissal of the two charges of selling cannabis, on June 15 and June 18, 2007.  *Id.*, p. 6.

Pending state charges may be challenged in extraordinary circumstances under § 2241, but only if one of the narrow exceptions to the *Younger* abstention doctrine[1] is met.  See Hughes v. Attorney General of Florida, 377 F.3d 1258, 1261-64 (11th Cir. 2004), *cert. denied*, 543 U.S. 1051 (2005),[2] discussing Younger (other citations

---

[1] Considerations of comity between the federal and state judicial systems require that federal courts abstain from enjoining state criminal proceedings absent a showing of bad faith prosecution, harassment, or other unusual circumstances which call for equitable relief.  Younger v. Harris, 401 U.S. 37, 44, 53-54, 91 S.Ct. 746, 750, 754-55, 27 L.Ed.2d 669 (1971).  This applies to actions for declaratory relief as well.  401 U.S. at 41, n. 2, 91 S.Ct. at 749, n. 2;  Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) (decided the same day as Younger).  The injury incidental to every prosecution brought lawfully and in good faith does not entitle a state defendant to equitable relief in federal court even if the statute he is alleged to have violated is unconstitutional.  401 U.S. at 49, 91 S.Ct. at 753.

[2] A person held in pre trial detention is not in custody pursuant to a state court judgment for 28 U.S.C. § 2254 purposes, and therefore properly proceeds under § 2241.  377 F.3d at 1261-1262 (citations omitted).  If Petitioner was serving a term of probation there is presumably a state court judgment, but apparently he has not yet been found in violation of probation or sentenced to a term of imprisonment by a state

omitted). Exhaustion of state remedies is required. 377 F.3d at 1262 (noting the "petitioners have met the exhaustion requirements necessary to obtain relief pursuant to 28 U.S.C. § 2241.") (footnote omitted).

But "habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973) (citation omitted); Georgalis v. Dixon, 776 F.2d 261, 262 (11th Cir. 1985) ("absent special and unique circumstances, federal habeas corpus does not lie to adjudicate the merits of affirmative defenses to state criminal charges.") (citing Braden, other citation omitted). In Braden, the petitioner could proceed by habeas corpus because he sought to enforce the state's obligation to bring him to trial, and was not attempting "to abort a state proceeding or to disrupt the orderly functioning of state judicial processes." 410 U.S. at 491, 93 S.Ct. at 1128.

Petitioner indicates no attempt to exhaust state remedies. Moreover, he is clearly not entitled to federal habeas corpus relief. Petitioner is claiming there is insufficient evidence against him, and that the procedures used to identify him were unduly suggestive. These are affirmative defenses to the untried state charges, and special circumstances justifying review have not been shown. Brown, 530 F.2d at 1283 (claim that indictment should be dismissed due to already accomplished speedy trial violation not permitted because to do so would "short circuit the judicial machinery of the

---

court, so it is assumed without deciding that § 2241 is the proper remedy. *Cf.* Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004), *cert. denied,* 543 U.S. 1063 (2005) ("where a prisoner is in custody pursuant to the judgment of a state court, his petition is subject to both § 2241 and § 2254") (citation omitted).

state courts;" finding no "special circumstances" in view of the fact that the state had made multiple attempts to bring petitioner to trial); Dickerson, 816 F.2d at 226, 229 (finding "special circumstances" did not justify review of either a constitutional speedy trial claim or due process challenge to pre-indictment delay).

It is therefore respectfully **RECOMMENDED** that the § 2241 petition, challenging untried state charges against Petitioner, be **SUMMARILY DISMISSED** as it plainly appears Petitioner is not entitled to relief in this court.

**IN CHAMBERS** at Tallahassee, Florida, on March 12, 2008.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.